**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CASIO COMPUTER CO., LTD.,<br><br>      Plaintiff,<br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>      Defendants. | Case No.: |

**DECLARATION OF HIDEYUKI KIUCHI**

I, Hideyuki Kiuchi, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the General Manager of Legal Department of Plaintiff, CASIO COMPUTER CO., LTD. (hereinafter "CASIO" or "CASIO COMPUTER CO.") and am knowledgeable about or have access to business records concerning all aspects of the brand protection operation of CASIO COMPUTER CO. including, but not limited to, its design patents, trademarks, copyrights, other intellectual property, sales including on-line sales, advertising, marketing, media coverage, and associated international operations. I make this declaration from matters within my own knowledge, except where otherwise stated.

3. CASIO COMPUTER CO. acts as the sales, marketing, design and distribution

1

arm of CASIO products worldwide.

4. CASIO COMPUTER CO. is in the business of developing, marketing, selling and distributing CASIO products. CASIO is a Japanese multinational electronics manufacturing corporation. It was founded in 1946, and in 1957 introduced the world's first entirely electric compact calculator. CASIO is best known for its electronic (including scientific) calculators, electronic musical instruments and affordable digital watches incorporating innovative technology. Today, CASIO is most known for making durable and reliable electronic products. CASIO COMPUTER CO. is the official source of CASIO products:

https://www.casio-intl.com/asia/en/calc



5. CASIO Products are known for their distinctive patented designs. These designs are broadly recognized by consumers. Calculators embodying these designs are

2

associated with the quality and innovation that the public has come to expect from CASIO products. CASIO uses these designs in connection with its CASIO products, including, but not limited to, U.S. Design No. D580,478 entitled "Electronic Calculator" issued on November 11, 2008 with named inventors Makoto Matsuda and Junichi Ono (the "CASIO Design Patent"). A true and correct copy of the CASIO Design Patent showing the CASIO Design is attached hereto as <u>Exhibit 1</u>.

6. CASIO COMPUTER CO. has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the CASIO Design. As a result, products associated with the CASIO Design are recognized and exclusively associated by consumers, the public, and the trade as being products sourced from CASIO COMPUTER CO.

7. The success of the CASIO brand has resulted in its significant counterfeiting. Consequently, CASIO COMPUTER CO. is implementing an anti-counterfeiting program and is investigating suspicious websites and online marketplace listings identified through external vendors in proactive Internet sweeps. CASIO COMPUTER CO. has identified numerous domain names linked to fully interactive websites and marketplace listings on platforms such as iOffer and Aliexpress, including the fully interactive commercial Internet stores operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A which is attached to the Complaint (collectively, the "Defendant Internet Stores"), which were offering for sale, selling, and importing counterfeit products in connection with counterfeit versions of the CASIO Design (the "Counterfeit CASIO Products") to consumers in this Judicial District and throughout the United States. Despite CASIO COMPUTER CO.'s enforcement efforts online, Defendants have

persisted in creating the Defendant Internet Stores.

8. We perform, supervise, and/or direct investigations related to Internet-based infringement of the CASIO Design Patent. Our investigation shows that Defendants are using the Defendant Internet Stores to sell Counterfeit CASIO Products from foreign countries such as China to consumers in the U.S. and elsewhere. We, or someone working under our direction, analyzed each of the Defendant Internet Stores and determined that Counterfeit CASIO Products were being offered for sale to the United States, including Illinois. This conclusion was reached through visual inspection of the products listed for sale on the website, the price at which the Counterfeit CASIO Products were offered for sale, other features commonly associated with websites selling counterfeit products, because Defendants offered shipping to the United States, including Illinois, and because Defendants and their websites do not conduct business with CASIO COMPUTER CO. and do not have the right or authority to use the CASIO Design for any reason. True and correct copies of screenshot printouts showing the active Defendant Internet Stores reviewed are attached as Exhibit 2.

9. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores or wholesalers selling genuine CASIO Products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, Amazon and PayPal. The Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers

4

have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos. CASIO COMPUTER CO. has not licensed or authorized Defendants to use its CASIO Design, and none of the Defendants are authorized retailers of genuine CASIO Products.

10. Upon information and belief, Defendants also deceive unknowing consumers by using the CASIO Design without authorization within the content, text, and/or meta tags of their web sites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for CASIO Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine CASIO Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down.

11. Defendants often go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Other Defendant Domain Names often use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

5

12. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, many of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective domain names. In addition, Counterfeit CASIO Products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit CASIO Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HADJL user-defined variables, domain redirection, lack of contact information, identically or similarly priced similar hosting services, similar name servers, and the use of the same text and images.

13. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

14. Counterfeiters such as Defendants typically operate multiple credit card

merchant accounts as well as Amazon and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of CASIO COMPUTER CO.'s enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court.

15. Monetary damages alone cannot adequately compensate CASIO COMPUTER CO. for ongoing infringement because monetary damages fail to address the loss of control of and damage to CASIO COMPUTER CO.'s reputation and goodwill. Furthermore, monetary damages are difficult, if not impossible, to completely ascertain due to the inability to fully quantify the monetary damage caused to CASIO COMPUTER CO.'s reputation and goodwill by acts of infringement.

16. CASIO COMPUTER CO.'s goodwill and reputation are irreparably damaged when the CASIO Design Patent is used in connection with goods not authorized, produced, or manufactured by CASIO COMPUTER CO. Moreover, consumer brand confidence is damaged, which can result in a loss of future sales and market share. The extent of harm to CASIO COMPUTER CO.'s reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable.

17. CASIO COMPUTER CO. is further irreparably harmed by the unauthorized use of the CASIO Design Patent because counterfeiters take away CASIO COMPUTER CO.'s ability to control the nature and quality of products used with the CASIO Design Patent. Loss of quality control over goods using the CASIO Design Patent and, in turn, loss of control over our reputation is neither calculable nor precisely compensable.

18. The sale of Counterfeit CASIO Products using the CASIO Design Patent also

causes consumer confusion, which weakens CASIO COMPUTER CO.'s brand recognition and reputation. Consumers who mistakenly believe that the Counterfeit CASIO Products they have purchased originated from CASIO COMPUTER CO. will come to believe that CASIO COMPUTER CO. offers low-quality products. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine CASIO Products, resulting in a loss or undermining of CASIO COMPUTER CO.'s reputation and goodwill. Counterfeit products, primarily coming from China, can be extremely dangerous and can present alarming safety hazards to children.

19. CASIO COMPUTER CO. is further irreparably damaged due to a loss of exclusivity. The CASIO Products are meant to be exclusive. CASIO COMPUTER CO.'s extensive marketing and distribution of CASIO Products are aimed at growing and sustaining sales of CASIO Products. The CASIO Design is original and distinctive and signifies to consumers that the products originate from CASIO COMPUTER CO. and are manufactured to CASIO COMPUTER CO.'s high quality standards. When counterfeiters use the CASIO Design in connection with goods without CASIO COMPUTER CO.'s authorization, the exclusivity of CASIO COMPUTER CO.'s products, as well as CASIO COMPUTER CO.'s reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

20. CASIO COMPUTER CO. will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 14, 2023.



9