IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASIO COMPUTER CO., LTD., | Case No. 23-cv-0895 |
| Plaintiff, | |
| v. | Judge Thomas M. Durkin |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | Magistrate Judge M. David Weisman |
| Defendants. | |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff CASIO COMPUTER CO., LTD. ("Plaintiff" or "CASIO") filed a Motion for Entry of a Preliminary Injunction against the Defendant Nos. 1-9, 29-52 and 95-104 who operate the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion in part as follows.

This Court finds Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order entered February 15, 2023, [Dkt. Nos. 22, 23] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Online Marketplaces.

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered design patent (the " CASIO Design Patent") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the CASIO Design Patent. *See* Docket Nos.[12-16], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the CASIO Design Patent.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of design patent infringement because (1) the CASIO Design Patent is registered with the U.S. Patent and Trademark Office

on the Principal Register, (2) Defendants are not licensed or authorized to use the CASIO Design Patent, and (3) Defendants' use of the CASIO Design Patent is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff. Furthermore, Defendants' continued and unauthorized use of the CASIO Design Patent irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. using the CASIO Design Patent or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine CASIO product or not authorized by Plaintiff to be sold in connection with the CASIO Design Patent;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine CASIO product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale using the CASIO Design Patent;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the CASIO Design Patent, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further order by this Court.

4. Upon Plaintiff's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as AliExpress and Alibaba Group Holding Ltd. ("Alibaba"), (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"),or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the CASIO Design Patent.

6. Any Third Party Providers, including Alipay, Alibaba, and Ant Financial, , shall, within seven (7) calendar days of receipt of this Order:

      a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit [2] to the Declaration of Hideyuki Kiuchi, and any e-mail addresses provided for Defendants by third parties; and

      b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7. Plaintiff may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit [2] to the Declaration of Hideyuki Kiuchi and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Bolly computer digital Store and all other Defendants identified in the Operative Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Plaintiff's Pleading(s) [Dkt. No. 1] , Schedule A to the Pleading(s) [Dkt. No. 7], Exhibit [2] to the Declaration of Hideyuki Kiuchi Dkt. Nos. 13-20], and the TRO [Dkt. No. 23] are unsealed.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

10. The $10,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

                                      SO ORDERED:

                                      Thomas M. Durkin
                                      United States District Judge

Dated: April 14, 2023

**Schedule A**

| No. | Defendant Name / Alias |
|---|---|
| 1 | Bolly computer digital Store |
| 2 | Digital Global Accessories Store |
| 3 | UE China Store |
| 4 | UKE Store |
| 5 | wellcomshop Store |
| 6 | wisefield |
| 7 | YIKU Store |
| 8 | yunzhijia Store |
| 9 | ZZshop |
| 29 | 3C fun Store |
| 30 | 3C High Quality Store |
| 31 | 3C&Phone Store |
| 32 | 88888 Store |
| 33 | CE Boutique Store |
| 34 | Changzhou Four Seasons Stationery Co., Ltd. |
| 35 | Cooltech life Store |
| 36 | CXWeilai-CCC Store |
| 37 | DIANZI'S Store |
| 38 | Enjoying+o Store |
| 39 | FuXin Trading Co., Ltd. |
| 40 | Learning E-life Store |
| 41 | Shop1102309218 Store |
| 42 | Tmac Ltd. CO |
| 43 | TwisterCK Store |
| 44 | wenwujiancaiFACTORY Store |
| 45 | WYMECT-DZ Store |
| 46 | XINGHEElectronStore Store |
| 47 | XYYX Store |
| 48 | You Must Need It Store |
| 49 | Yuefu preferred Store |
| 50 | Zero-official Store |
| 51 | ziyougouwu Store |
| 52 | ZJMZYM BanDou Store |
| 95 | Anhui Jiepin Technology Development Co., Ltd. |
| 96 | Fuzhou Wellclock Electronic Co., Ltd. |
| 97 | Guangdong OSALO Electronic Technology Co., Ltd. |
| 98 | Guangzhou Cania Technology Co., Limited |
| 99 | Guangzhou Liwan Chi Lu Stationery Trading Firm |
| 100 | Guangzhou Ronaduo Electronic Technology Co., Ltd. |
| 101 | Hunan Wonderful Stationery&gifts Co., Ltd. |
| 102 | Qingchun Import And Export (suzhou) Co., Ltd. |
| 103 | Shanghai Biaolang Office Supplies Co., Ltd. |

| | |
|---|---|
| 104 | Yiwu Wanpincang Supply Chain Co., Ltd. |