IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASIO COMPUTER CO., LTD.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>　　　　Defendants. | Case No. 23-cv-895<br><br>Judge Thomas M. Durkin |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DEFENDANTS IDENTIFIED IN AMENDED SCHEDULE A**

Plaintiff CASIO COMPUTER CO., LTD. ("Plaintiff" or "CASIO") submits the following memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the Defendants listed in Amended Schedule A (collectively, the "Defaulting Defendants").

The Defaulting Defendants, as set forth in the Complaint, have been charged with design patent infringement. Excluded from this motion are defendants who have settled with Plaintiff.

Plaintiff takes pride in its products which are emblematic of CASIO's inspiration and mission to provide high quality products. Since the initial launch of its original CASIO brand products, the CASIO Design is and has been the subject of substantial and continuous marketing and promotion by Plaintiff. Plaintiff has and continues to widely market and promote its CASIO brand in the industry and to consumers. Plaintiff's promotional efforts include — by way of example, but not limitation — substantial print media, the CASIO website and social media sites,

and point of sale materials. [Complaint, Dkt. 1 at ¶ 8] Long before Defendants' acts described herein, Plaintiff launched its CASIO products. CASIO COMPUTER CO., LTD. is the registered owner of the U.S. Design Patent No. D580,478 (the "CASIO Design")) [Kiuchi Decl. at ¶ 5]. The U.S. registration for the CASIO Design is valid, subsisting, and in full force and effect. [*Id*. at ¶ 6].

On information and belief, Defaulting Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products bearing infringing and/or counterfeit versions of the CASIO Design (the "Counterfeit/Infringing Products") in the same transaction, occurrence, or series of transactions or occurrences. [Complaint, Dkt. 1 at ¶¶ 4, 25]. Defaulting Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of fully interactive commercial websites and online marketplaces operating under the Online Marketplace Accounts (collectively, the "Defendant Internet Stores") identified in Amended Schedule A. *Id*. Each Defaulting Defendant targets the United States, including Illinois, and has offered to sell, and on information and belief, has sold and continues to sell infringing CASIO Products to consumers within the United States, including the State of Illinois. *Id*. Additional factual assertions applicable to Defaulting Defendants are found in Paragraphs 16-25 of the Complaint and are incorporated herein. *Id*. at ¶¶ 16-25.

Plaintiff filed this action on February 14, 2023 alleging, among other claims, federal design patent infringement and seeks statutory damages and injunctive relief. [Dkt. 1]. On February 15, 2023, this Court granted Plaintiff' *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") [Dkt. Nos. 22, 23].

Paragraph 8 of the TRO permitted Plaintiff to complete service of process to Defendants by electronic publication to a website and by sending an e-mail to the e-mail addresses in Exhibit 3 to the Declaration of Hideyuki Kiuchi and any e-mail addresses provided for Defendants by third parties. The Defendants identified in Amended Schedule A were properly served on March 10, 2023 and April 5, 2023. [Dkt. Nos. 34, 45]. None of the remaining Defaulting Defendants have entered an appearance or otherwise defended this action. *See* Declaration of Michael A. Hierl (the "Hierl Declaration") at ¶ 2.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on Count I of Plaintiff's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff further seeks an award of damages as authorized by 35 U.S.C. § 284 and § 289 for infringement of the CASIO Design against each of the Defaulting Defendants for infringing the CASIO Design in connection with products sold through each of the Defendant Internet Stores. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Counterfeit/Infringing Products, an Order that the domain names used by Defaulting Defendants to sell Counterfeit/Infringing CASIO Products be permanently transferred to Plaintiff, and that all assets in Defaulting Defendants' financial accounts operated by Alibaba, Aliexpress, Alipay, Amazon, DHgate, eBay and PayPal as well as any newly discovered assets, be transferred to Plaintiff.

**ARGUMENT**

**I.     JURISDICTION AND VENUE ARE PROPER IN THIS COURT**

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28

3

U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's business within this Judicial District. *See* [Complaint, Dkt. 1, at ¶ 1, 2] *uBID, Inc. v. GoDaddy Grp., Inc*. 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a prima facie case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive commercial Internet websites and online marketplace accounts operating under the Defendant Internet Stores, each of the Defaulting Defendants has targeted sales from Illinois residents by operating websites and/or online marketplace accounts that offer shipping to the United States, including Illinois and, on information and belief, has sold Counterfeit/Infringing Products to residents within the United States, including Illinois. Many of the websites look sophisticated and accept payment in U.S. Dollars via credit cards, Alibaba, Aliexpress, Alipay, Amazon, DHgate, eBay and PayPal. [Dkt. No. 40 at ¶ 15]. As such, personal jurisdiction is proper since each of the Defaulting Defendants is committing tortious acts in Illinois, is engaging in interstate commerce and has wrongfully caused Plaintiff substantial injury in the State of Illinois. *See Estee Lauder Cosmetics Ltd. & Make-up Art Cosmetics Inc. v. Ali-Beauties Store Store, et al.,* No. 1:19-cv-04579 (N.D. Ill. Sept. 12, 2019) (unpublished) (Dkt. No. 49); *Bose Corp. v. Amilineinc, et al.,* No. 1:19-cv-05347 (N.D. Ill. Oct. 9, 2019) (unpublished) (Dkt No. 44); *Eye Safety Systems, Inc. v. 1CN7085, et al.*, No. 1:19-cv-06005 (N.D. Ill. Nov. 19, 2019) (unpublished) (Dkt No. 49); *Levi Strauss & Co. v. Acinth Girl Hy Store, et al.*, No. 1:19-cv-06200 (N.D. Ill. Nov. 19, 2019) (unpublished) (Dkt No. 48).

## II. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On February 14, 2023, Plaintiff filed its Complaint alleging, among other claims, design patent infringement, 35 U.S.C. § 271 (Count I). The Defendants were properly served on March 10, 2023 and April 5, 2023. [Dkt. Nos. 34, 45]. The remaining Defendants, despite having been served with process, have ignored these proceedings and failed to plead or otherwise defend this action. Hierl Declaration at ¶ 2. Accordingly, Plaintiff asks for entry of default and default judgment against the Defaulting Defendants.

## III. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

More than twenty-one (21) days have passed since Defendants were served, and no answer or other responsive pleading has been filed by any of the remaining Defaulting Defendants identified in Amended Schedule A. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases in front of this Court, Plaintiff requests an award of damages as authorized by 35 U.S.C. § 284 and 35 U.S.C. § 289

for infringement against each of the Defaulting Defendants for infringing Plaintiff's CASIO design patent in connection with products sold through the Defendant Internet Stores. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Counterfeit/Infringing Products and that all assets in Defaulting Defendants' financial accounts operated by Alibaba, Aliexpress, Alipay, Amazon, DHgate, eBay and PayPal and any newly identified accounts be transferred to Plaintiff.

  A. **Design Patent Infringement**

  The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). In this case, CASIO is the owner of the CASIO Design. Kiuchi Declaration at ¶ 5. CASIO has submitted extensive documentation showing that Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the same product that infringes directly and/or indirectly the patented design claimed in the CASIO Design Patent. *Id*. at ¶ 11. The documentation submitted by CASIO shows that an ordinary observer would be deceived into thinking that the Infringing Product was the same as the CASIO Design. *Competitive Edge, Inc. v. Staples, Inc.*, 763 F. Supp. 2d 997, 1011 (N.D. Ill. 2010) (citing Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 672 (Fed. Cir. 2008)). Finally, CASIO has not licensed or authorized Defendants to use the CASIO Design, and none of the Defendants are authorized retailers of genuine CASIO Products. Kiuchi Declaration at ¶ 12. Accordingly, CASIO is likely to succeed on its claim for design patent infringement.

IV. **PLAINTIFF IS ENTITLED TO MONETARY DAMAGES AND INJUNCTIVE RELIEF**

The awarding of damages serves dual interests in that it is remedial in nature, but also intended to protect an important public interest. Given the broader economic losses and harm to the job market caused by counterfeiting and infringement, coupled with the possible dangers to consumers who are tricked into purchasing low quality, counterfeit products over the Internet, it is important to both penalize defendants and try to deter future violations.

Plaintiff advertises throughout the world and spends considerable resources marketing and protecting its trademark and associated products. Plaintiff's promotional efforts include website and social media sites. [Dkt. 1 at ¶ 8].

**A. Statutory Damages Are Appropriate in this Case**

Pursuant to the damages provision of the Patent Act, 35 U.S.C. § 284 and § 289, a plaintiff in a case involving the use of an infringing design is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289 and other damages as appropriate pursuant to 35 U.S.C. § 284.

The USPTO's Office of Policy and International Affairs and the National Telecommunications and Information Administration ("NTIA") together working as part of the Department of Commerce's Internet Policy Task Force conducted a review of the relationship between the availability and protection of online copyrighted works and innovation in the Internet economy. The Internet Policy Task Force's White Paper on Remixes, First Sale, and Statutory Damages (White Paper) was published on January 28, 2016 (See Exhibit 1), which recognizes in copyright law that reduced damages may be warranted to avoid impeding new creative works, e.g., remixes -- works created through changing and combining existing works to produce something new and creative -- as part of a trend of user generated content.

7

However, regarding straight-out counterfeiting where impeding creativity is not a concern, The Office of the U. S. Trade Representative issued findings of the Special 301 Out-of-Cycle Review of Notorious Markets for 2015, December 2015 (See Exhibit 2), highlighting disturbing trends in the marketing and distribution of counterfeit goods online, with escalating levels of counterfeit sales online including an increase in the services that support such operations. With an estimated 15% increase in online sales of counterfeit goods, the economic toll of counterfeiting on governments, businesses, and consumers is disturbing.

Accordingly, a significant consideration should be whether infringing sales were made over the Internet, the rationale being that sales over the Internet increase the amount of an award because use of the Internet made the infringement widely available.

The lack of information regarding Defaulting Defendants' sales and profits makes statutory damages particularly appropriate for default cases like the instant case. *See Petmed Express, Inc. v. medpets.com, Inc.,* 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004). Likewise, Courts have recognized that damages should be awarded without requiring an evidentiary hearing. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2008 U.S. Dist. LEXIS 31761, *11 (N.D. Ill. Apr. 17, 2008).

    A.    **Defendants' Counterfeiting Was Willful**

As alleged in Plaintiff's Complaint, Defaulting Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Plaintiff's products. [Dkt. 1 at ¶ 17].

Many of the Defaulting Defendants Internet Stores look sophisticated and often include images and design elements that make it very difficult for consumers to distinguish the counterfeit sites from the authorized website. [Dkt. 1 at ¶ 17].

It is clear that Defaulting Defendants' counterfeiting was willful. "Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.,* 2004 LEXIS 22563, *19-20 (N.D. Ill. Feb. 25, 2005). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Id.* at 20. In the instant case, Defaulting Defendants clearly had knowledge that their activities constituted infringement or at least a reckless disregard for Plaintiff's rights in the CASIO Design, especially given Plaintiff's extensive promotional efforts discussed above. After all, the Defendants were taking great pains to conceal their identities to try to avoid being held accountable for their counterfeiting activities. [Dkt. 1 at ¶ 4, ¶ 20].

Finally, District Courts have deemed counterfeiting willful when defendants default. *See Estee Lauder Cosmetics Ltd. & Make-up Art Cosmetics Inc. v. Ali-Beauties Store Store, et al.,* No. 1:19-cv-04579 (N.D. Ill. Sept. 12, 2019) (unpublished) (Dkt. No. 49); *Bose Corp. v. Amilineinc, et al.,* No. 1:19-cv-05347 (N.D. Ill. Oct. 9, 2019) (unpublished) (Dkt No. 44); *Eye Safety Systems, Inc. v. 1CN7085, et al.*, No. 1:19-cv-06005 (N.D. Ill. Nov. 19, 2019) (unpublished) (Dkt No. 49); *Levi Strauss & Co. v. Acinth Girl Hy Store, et al.*, No. 1:19-cv-06200 (N.D. Ill. Nov. 19, 2019) (unpublished) (Dkt No. 48).

C. **A High Damages Award Is Appropriate and Just**

Courts have awarded high damage amounts where a defendant's counterfeiting activities attracted wide market exposure through Internet traffic or advertisement. *See Coach, Inc. v. Ocean Point Gifts*, 2010 U.S. Dist. LEXIS 59003, *15-16 (D.N.J. Jun. 14, 2010) (high damage awards in counterfeit cases were "due in part to the wide market exposure that the Internet can provide"); *Burberry Ltd. v. Designers Imports, Inc.*, 2010 U.S. Dist. LEXIS 3605, *28-29

(S.D.N.Y. Jan. 19, 2010) (damages amount based, in part, on "Defendant's ability to reach a vast customer base through internet advertising"). Courts in this district have also considered the significant value of a plaintiff's brand and the efforts taken to protect, promote and enhance that brand in determining the appropriate dollar figure for the award. *Lorillard Tobacco Co.,* 2004 U.S. Dist. LEXIS 22563, *16.

In similar cases involving willful Internet-based counterfeiting, Courts in this district have awarded significant damages, including up to the maximum provided by law, to the plaintiff to serve the purposes of: (1) deterring the defendant and others situated like him from bringing into commerce counterfeit goods, (2) compensating the plaintiff for damages caused by defendant's infringement, and (3) punishing the defendant appropriately for his counterfeiting activities. *See, e.g., Burberry Limited, et al. v. The Partnerships And Unincorporated Associations Identified On Schedule "A",* No. 1:14-cv-04824 (N.D. Ill. Sep. 25, 2014) (unpublished) (Docket No. 38) (awarding $2,000,000 in statutory damages per defendant); *Calvin Klein Trademark Trust et al. v. Chen Xiao Dong, et al.,* No. 15-cv-2224 (N.D. Ill. May 12, 2015) (unpublished) (Docket No. 45) (awarding $2,000,000 in statutory damages per defendant.) Given the Court's clear discretion in determining the appropriate amount of the damages award, Plaintiff respectfully request the Court's entry of an award of one-hundred thousand dollars ($100,000) per Defaulting Defendant.

Additionally, the remedy imposed under the statute must provide a sufficient deterrent effect to ensure that the guilty party will not engage in further infringing conduct. *Sands, Taylor & Wood v. Quaker Oats Co.,* 34 F.3d 1340, 1348 (7th Cir. 1994). For example, in *Phillip Morris USA Inc. v. Marlboro Express*, the Court stated that due to "the size of the potential profit given the quantities of [counterfeit goods] involved, and the need for a

10

substantial deterrent to future misconduct by defendants and other counterfeit traffickers ... plaintiff is entitled to the maximum statutory award under 15 U.S.C. § 1117(c)(2)." 2005 U.S. Dist. LEXIS 40359, *28 (E.D.N.Y. Aug. 26, 2005).

Finally, in determining an appropriate damage award, this Court should be guided by the *Lorillard* case and consider the "significant value of [the Plaintiff] brand and the efforts taken to protect, promote and enhance that brand." *Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, *16. Thus, Plaintiff's request for a damage award should be given favorable consideration in light of Plaintiff's effort to protect, promote and enhance the CASIO brand.

### D. Plaintiff is Entitled to Permanent Injunctive Relief

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's registered patent design rights in the CASIO Design, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO. Plaintiff is also entitled to injunctive relief so it can quickly take action against any new websites and online marketplace accounts that are identified, found to be linked to Defaulting Defendants, and selling Counterfeit Plaintiff's Products. *See Estee Lauder Cosmetics Ltd. & Make-up Art Cosmetics Inc. v. Ali-Beauties Store Store, et al.*, No. 1:19-cv-04579 (N.D. Ill. Sept. 12, 2019) (unpublished) (Dkt. No. 49); *Bose Corp. v. Amilineinc, et al.*, No. 1:19-cv-05347 (N.D. Ill. Oct. 9, 2019) (unpublished) (Dkt No. 44); *Eye Safety Systems, Inc. v. 1CN7085, et al.*, No. 1:19-cv-06005 (N.D. Ill. Nov. 19, 2019) (unpublished) (Dkt No. 49); *Levi Strauss & Co. v. Acinth Girl Hy Store, et al.*, No. 1:19-cv-06200 (N.D. Ill. Nov. 19, 2019) (unpublished) (Dkt No. 48).

## V.     CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, award damages in the amount of one hundred thousand dollars ($100,000) per Defaulting Defendant pursuant to 35 U.S.C. § 284 and § 289 and  and enter a permanent injunction order prohibiting Defaulting Defendants from selling Counterfeit/Infringing Products and transferring all assets in Defaulting Defendants' financial accounts operated by Alibaba, Aliexpress, Alipay, Amazon, DHgate, eBay and PayPal to Plaintiff.

Respectfully submitted,

Dated: July 18, 2023

By:     s/Michael A. Hierl
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Robert P. McMurray (Bar No. 6324332)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
mhierl@hsplegal.com
wkalbac@hsplegal.com
rmcmurray@hsplegal.com
Attorneys for Plaintiff
CASIO COMPUTER CO., LTD.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Memorandum was electronically filed with the Clerk of the Court, served by publication and email to the Defendants identified in Amended Schedule A and served on all counsel of record and interested parties via the CM/ECF system on July 18, 2023.

*/s/ Michael A. Hierl*
Michael A. Hierl