IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASIO COMPUTER CO., LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No. 23-cv-895<br><br>Judge Thomas M. Durkin |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF STATUTORY DAMAGES AGAINST DEFAULTED DEFENDANTS**

Plaintiff, CASIO COMPUTER CO., LTD., ("CASIO" or "Plaintiff"), submits a Supplemental Memorandum in Support of their request for statutory damages against the Defaulted Defendants (collectively, the "Defaulting Defendants") to address the issues raised at the July 27, 2023, hearing. [Dkt. No. 61]. In support thereof, Plaintiffs states as follows:

The Defaulting Defendants operate off-shore bank accounts and regularly move funds from their AliExpress, Alipay, Alibaba, Amazon.com, Inc. ("Amazon"), DHgate, eBay and PayPal, Inc. ("PayPal") accounts to off-shore accounts outside the jurisdiction of this Court. Plaintiff requests statutory damages against the Defaulting Defendants to disincentivize them from advertising and selling low-quality counterfeit CASIO-branded products which deprive Plaintiff of sales and damage Plaintiff's reputation. Awarding damages penalizes counterfeiters who use Plaintiff's goodwill to trick consumers into purchasing low-quality products and helps deter future violations.

"Section 289 of the Patent Act provides a damages remedy specific to design patent infringement. A person who manufactures or sells 'any article of manufacture to which [a patented] design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit.'" *Samsung Electronics Co., Ltd. v. Apple.,* 137 S. Ct. 429, 431 (2016). Unlike Section 35 U.S.C. § 284, which provides for reasonable royalties in patent infringement cases regarding utility patents, § 289 allows design patent owners to pursue total profits, which are calculated by subtracting costs and expenses from the total sales of an infringer. "Section 289 allows a patent holder to recover the total profit an infringer makes from the infringement. It does so by first prohibiting the unlicensed 'application' of a 'patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale' or the unlicensed sale or exposure to sale of 'any article of manufacture to which [a patented] design or colorable imitation has been applied.' It then makes a person who violates that prohibition 'liable to the owner to the extent of his total profit, but not less than $250. 'Total' of course, means all." *Id.* at 434. Specifically, 35 U.S.C. § 289 states:

> "Whoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250, recoverable in any United States district court having jurisdiction of the parties.
>
> Nothing in this section shall prevent, lessen, or impeach any other remedy which an owner of an infringed patent has under the provisions of this title, but he shall not twice recover the profit made from the infringement." 35 U.S.C. § 289.

"Arriving at a damages award under § 289 thus involves two steps. First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Samsung* at 435.

In the present case, Plaintiff satisfies the first element under the *Samsung* test. Plaintiff has adequately identified the product at issue. Plaintiff has demonstrated that it is the assignee of U. S. Design Patent No. D580,478 S. (*see* Exhibit 1 – '478 Design Patent) and that the Defaulting Defendants do not have the right or authority to use the CASIO Design for any reason. (*See* Exhibit 2 – ¶ 8, Declaration of Hideyuki Kiuchi). "… [A] design patent is infringed 'if, in the eye of an ordinary observer, giving such attention as a purchaser usually give, two designs are substantially the same.'" *Samsung* at 432. Plaintiff has also adequately demonstrated that the '478 Design Patent applies to the products being sold by Defaulting Defendants. (*see* Exhibit 2 to the Kiuchi Declaration – [Dkt. Nos. 13-20]).

As a result, the Defaulting Defendants are liable for design patent infringement. Plaintiff is seeking an award of damages in the amount of one-hundred thousand dollars ($100,000) against Defaulting Defendants for the unauthorized use of Plaintiff's design patent.

Plaintiff acknowledges that the calculation of the amount of profit from each Defaulting Defendant in this matter will be difficult due to the lack of sales information provided by e-commerce platforms. Defaulting Defendant Nos. 1-9, 29-52 and 95-104, which are located on the AliExpress, Alibaba and Alipay e-commerce platforms, failed to provide Plaintiff with the requested sales information for the Defaulting Defendants located on their e-commerce platform. (*see* Exhibit 3 – ¶ 4, Declaration of Luis Figueroa). Likewise, Defaulting Defendant Nos. 10 and 54-94, which are located on the DHgate e-commerce platform, also failed to provide Plaintiff with sales information for the Defaulting Defendants located on their e-commerce platform. *Id.* at ¶ 5. Similarly, Defaulting Defendant Nos. 20-28, which are located on the Amazon e-commerce platform, failed to provide Plaintiff with sales information for the Defaulting Defendants located on their e-commerce platform. *Id.* at ¶ 6.

Defaulting Defendant Nos. 12-19, which are located on the eBay and PayPal e-commerce platforms, provided Plaintiff with limited information regarding the sales information for some of, but not all, of the Defaulting Defendants located on their e-commerce platforms. *Id.* at ¶ 7.

As a result, Plaintiff has only been provided with the sales information for two (2) of the Defaulting Defendants in this matter, which is not reflective of the totality of the damages suffered by Plaintiff. Plaintiff has expended substantial time, money and other resources developing, advertising and promoting the CASIO Design. Exhibit 2, ¶ 6, Kiuchi Declaration, [Dkt. No. 12]. As a result, products associated with the CASIO Design are recognized and exclusively associated by consumers, the public and the trade as being products sourced from CASIO. *Id.* Calculators embodying these designs are associated with the quality and innovation that the public has come to expect from CASIO products. *Id.* at ¶ 5.

The success of the CASIO brand has resulted in its significant counterfeiting. *Id.* at ¶ 7. CASIO's goodwill and reputation are irreparably damaged when the CASIO Design Patent is used in connection with goods not authorized, produced, or manufactured by CASIO. *Id.* at ¶ 16. Moreover, consumer brand confidence is damaged, which can result in a loss of future sales and market share. *Id.* CASIO is further irreparably harmed by the unauthorized use of the CASIO Design Patent because counterfeiters take away CASIO's ability to control the nature and quality of products used with the CASIO Design. *Id.* at ¶ 17. The sale of counterfeit CASIO Products using the CASIO Design Patent also causes consumer confusion, which weakens CASIO's brand recognition and reputation. *Id.* at ¶ 18. Consumers who mistakenly believe that the Counterfeit CASIO Products they have purchased originated from CASIO will come to

believe that CASIO offers low-quality products. *Id.* Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine CASIO Products, resulting in a loss or undermining of CASIO's reputation and goodwill. *Id.*

For the reasons set forth above, Plaintiff respectfully request this Court enter the proposed Default Judgment in the amount of one-hundred thousand dollars ($100,000), or any amount this Court deems just to compensate Plaintiff for total profits and to sufficiently defer future infringing conduct of Defaulting Defendants of Plaintiff's CASIO Design.

Respectfully submitted,

Dated: August 30, 2023

By: s/Michael A. Hierl
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Robert P. McMurray (Bar No. 6324332)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
mhierl@hsplegal.com
wkalbac@hsplegal.com
Attorneys for Plaintiff
CASIO COMPUTER CO., LTD.

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies on August 30, 2023, that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system.

/s/ *Michael A. Hierl*